UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HDR ENVIRONMENTAL, OPERATIONS AND CONSTRUCTION, INC., a Nebraska Corporation, and DOES 1-50, inclusive<br><br>Plaintiff,<br><br>vs.<br><br>DARWIN DEASON, an individual; and DOES 1-50 inclusive<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No.: 15cv1402 JAH (NLS)<br><br>**ORDER DENYING DEFENDANT AND COUNTERCLAIMANT DARWIN DEASON'S MOTION FOR LEAVE TO DEPOSIT FUNDS** |

## **INTRODUCTION**

Pending before the Court is Defendant and Counterclaimant, Darwin Deason's ("DEASON") Motion for Order Approving Deposit of Funds pursuant to Rule 67(a) of the Federal Rules of Civil Procedure and California Code of Civil Procedure §1025. [Doc. No. 49]. DEASON seeks to deposit $58,621.71 with the Court as the balance of the "not to exceed" amount under the terms of the contract that is subject of the instant dispute. After

a careful review of the pleadings, relevant law, and reasons set forth below, DEASON's motion is **DENIED**.

## BACKGROUND

Plaintiff and Counter-Defendant HDR ENVIRONMENTAL OPERATIONS AND CONSTRUCTION, INC. ("HDR") alleges four causes of action against DEASON relating to a contract dispute, including Breach of Contract, Open Book Account, *Quantum Meriut* and Promissory Fraud. HDR's prayer for relief includes damages in the amount of $1,125,486.16. DEASON filed a counterclaim for Declaratory Judgment, Injunctive Relief, and Breach of Contract, including a request for damages estimated at no less than $1,000,000.00.

## DISCUSSION

Federal Rules of Civil Procedure Rule 67(a) provides that 'in an action in which any part of the relief sought is a judgment for a sum of money . . .a party . . . by leave of court, may deposit with the court all or any part of such sum . . . .' Fed. R. Civ. P. Rule 67; Rule 67 is typically employed when an interpleader, usually a bank or insurance company, disclaims all interest in a definite sum of money, and requests the court's permission to deposit the money into the registry of the court until it can be determined how the funds should be divided among the multiple parties claiming entitlement. See *Bank of China v. Wells Fargo Bank & Union Tr. Co.*, 209 F.2d 467 (9th Cir. 1953) (bank); New York Life Ins. Co. v. Apostolidis, E.D.N.Y.2012, 841 F.Supp.2d 711(insurance company). Rule 67 has been described as a "procedural device intended to provide a place for safekeeping for funds pending resolution of a legal dispute and not to provide a means of altering the contractual relationships and legal duties of each party." *Brady v. Basic Research, L.L.C.*, E.D.N.Y.2016, 312 F.R.D. 304. The mechanism is intended to relieve a depositor of the burden of administering an asset. *Id*. A motion to deposit funds in the court should only be granted when the question of entitlement is genuinely in dispute. *Alstom Caribe, Inc. v. George P. Reintjes Co*., 484 F.3d 106, 113 (1st Cir. 2007).

DEASON acknowledges that a difference of $58,621.27 exists between the amounts paid by DEASON to HDR and the full "not-to-exceed" price listed under the terms of the contract. However, in DEASON's counterclaim he contends the balance is not due because of offsetting damages caused as a result of the negligence, delays, and breach of written contract by HDR. In addition, HDR asserts various theories for relief, some which are alternatives to the breach of contract claim and wholly independent of the contract terms. Money damages requested in HDR's Third Amended Complaint are nearly twenty-times greater than that DEASON wishes to deposit.

Accordingly, the Court finds the reasoning of the District Court of Puerto Rico persuasive. The District Court held that because there was no certain sum which the parties agreed was disputed, the court could not ascertain which funds the parties would unequivocally be entitled to at the end of the litigation. *CASCO, Inc. v. John Deere Const. Co. & Forestry Co.*, 293 F.R.D. 99, 100 (D.P.R. 2013). Therefore, the rule providing for deposit of funds to the court did not apply. *Id.* As in *CASCO*, Plaintiff and Defendant have various claims and counterclaims against each other. DEASON, similar to the defendant in *CASCO*, attempts to deposit with the court an amount he might have to pay at the end of litigation if the jury sides with him in the primary action and against him in the counter suit. *See Id.* at 100. The *CASCO* court found Rule 67 inapposite. The Court finds the same reasoning and logic applies.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**: Defendant and Counterclaimant, Darwin Deason's Motion for Order Approving Deposit of Funds is **DENIED.**

**IT IS FURTHER ORDERED**:

The hearing for Darwin Deason's Motion for Order Approving Deposit of Funds, set for May 21, 2018 is **VACATED**.

DATED: May 16, 2018

_____
Hon. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE